**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-21049**
**Summary Calendar**
_____

**LANNIE MYERS,**

**Plaintiff-Appellant,**

**versus**

**SHELL DEER PARK REFINING COMPANY, A Division of**
**Shell Oil Products Company,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-98-CV-4098)**

May 29, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Lannie Myers challenges the summary judgment awarded Shell Deer Park Refining Company. Primarily at issue is whether his reassignment was a reasonable accommodation under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (ADA). **AFFIRMED**

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Myers has worked at Shell since 1977.  In June 1997, pursuant to the pertinent collective bargaining agreement, Myers "bid" on, and "won" (subject to meeting the prerequisites for the position), one of the two control board operator positions at Shell's Hydroprocessing Unit.  Each of the two control board operators is cross-trained on the other's jobs, and each monitors a designated portion of the refining processes in the Unit.  Each also interacts with two outside operators; together, they monitor, troubleshoot, and identify any need for corrective action.  Whereas the control board operators spend 100 percent of their time inside the control room, seated at computerized consoles, the outside operators spend 30 to 40 percent of their time outside the Unit, taking readings, making visual observations, and occasionally adjusting pumps and valves.

To be promoted to the control board operator position, Myers was required first to train on the two outside operator positions. Shell explained control board operators need to know what they are asking the outside operators to do because emergency situations may arise that require immediate responses.  Because Myers suffered from a knee injury that prevented him from training on the two outside positions, he did *not* receive the control board operator position.

In April 1998, after various temporary assignments to light-duty tasks, Myers was placed on disability leave because Shell had no more work that fit his restrictions. He returned to work six months later in a temporary position scheduling vacations for the operators, and, when that ended, he received other temporary assignments from reviewing and updating procedures to scheduling (he has held that position since November 1998). Although Myers received the same base pay he would as an operator, he had less opportunity for overtime work, and lost his union protection.

Claiming Shell discriminated against him on the basis of his disability by *not* awarding him the control board operator position, Myers brought this action against Shell under the ADA. (As of this appeal, he was still employed by Shell.) Shell was granted summary judgment.

## II.

A summary judgment is reviewed *de novo*. *E.g., **Taylor v. Principal Financial Group, Inc.***, 93 F.3d 155, 161 (5th Cir.), *cert. denied*, 519 U.S. 1029 (1996). Such judgment is appropriate when the summary judgment record, viewed in the light most favorable to the nonmovant, presents *no* material fact issue, and the movant is entitled to a judgment as a matter of law. ***Id.;*** FED. R. CIV. P. 56(c).

To prevail on a claim under the ADA, a plaintiff must prove: he has a disability; he is qualified for the position for which he

seeks employment; and he was discriminated against solely because of his disability. ***Gonzales v. City of New Braunfels, Tex.***, 176 F.3d 834, 836 (5th Cir. 1999). The parties concede that Myers is "disabled" within the meaning of the ADA because he is significantly limited in the major life activity of walking. Accordingly, the issues are: whether Myers is qualified for the control board position; and whether the scheduler assignment is a reasonable accommodation.

### A.

Myers asserts the district court erred by: crediting Shell's disputed testimony that control board operators must perform the job duties of an outside operator; misstating the issue to be whether Shell was obligated to waive its requirement that the control board operator first train on two outside jobs; and concluding the temporary assignment was a reasonable accommodation.

Myers fails to demonstrate that his reassignment was *not* a reasonable accommodation. "Under the ADA, reassignment to a vacant position can be a reasonable accommodation." ***Id.*** at 838. The gist of Myers' complaint is that Shell did *not* modify its training procedures so that he could have qualified for the control board position. This, however, merely establishes that Shell could have made other reasonable accommodations for Myers. It does *not* show that Shell's decisions were discriminatory. ***Allen v. Rapides Parish School Bd.***, 204 F.3d 619, 622-23 (5th Cir. 2000) ("The ADA

4

does *not* require an employer to give an employee with a disability his job of choice especially when there are qualified individuals who desire the same position." (emphasis added)).  And, even if Myers' reassignment was unfair because it amounted to a demotion, as Myers asserts, this is *not* sufficient to establish a claim for discrimination.  *See* ***id.*** ("The ADA gives [a plaintiff] a claim only for discriminatory action and not for unfair treatment.").

B.

Myers also maintains Shell had a duty to engage in a good faith, interactive process with Myers to assess his disability and ascertain the availability of reasonable accommodations.  As the district court correctly noted, there is *no* requirement that Shell engage in this kind of dialogue.  *See* ***Loulseged v. Akzo Nobel, Inc.***, 178 F.3d 731, 736 (5th Cir. 1999) ("[T]here may be some situations in which the reasonable accommodation is so obvious that a solution may be developed without either party consciously participating in an interactive process."); *see also* ***Allen***, 204 F.3d at 622 (raising material fact issue whether interactive process required does *not* establish ADA claim).

III.

For the foregoing reasons, the judgment is

***AFFIRMED.***

5